Mariam S. Marshall, Esq. (Bar No.157242)
Zunilda Ramos, Esq. (Bar No.161114)
MARSHALL & RAMOS, LLP
ATTORNEYS AT LAW
The Westlake Building
350 Frank H. Ogawa Plaza, Suite 603
Oakland, California 94612
Telephone: (510) 835-8359
Facsimile: (510) 835-8259
mmarshall@marshallramoslaw.com

Attorneys for Trustee,
FRED HJELMESET

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re: | Case No. 12-50911 |
|---|---|
| RONALD SANTOS and<br>CARLY SANTOS,<br><br>Debtors. | Chapter 7<br><br>Date: August 21, 2013<br>Time: 2:00 p.m.<br>Place: U.S. Bankruptcy Court<br>280 South 1st St., Ct.Rm. 3099<br>San Jose, CA 95113<br>Judge: Hon. Stephen L. Johnson |

**TRUSTEE'S MOTION FOR CIVIL CONTEMPT ORDER AGAINST THE DEBTORS**

**COMES NOW** Fred Hjelmeset ("Trustee"), the Chapter 7 trustee for the bankruptcy estate of RONALD SANTOS and CARLY SANTOS ("Debtors"), and presents the following points and authorities in support of the issuance of a civil contempt order against the Debtors:

**FACTUAL AND PROCEDURAL BACKGROUND**

The Debtors filed a Chapter 7 case on February 6, 2012, and Fred Hjelmeset was appointed Chapter 7 Trustee of the Debtors' estate.

On September 4, 2012, the Trustee filed and served his Motion for FRBP 2004 examination of the Debtors and production of document (the "Motion"). In the Motion the Trustee sought, inter alia, that the Debtors produce documents by September 27,

TRUSTEE'S MOTION FOR CIVIL CONTEMPT ORDER AGAINST THE DEBTORS

2012, and appear for an examination on October 2, 2012. [See Docket No. 50].

On September 6, 2012, the Court granted the Motion and entered an order requiring the Debtors to produce documents by September 27, 2013 and appear for examination on October 2, 2012 (the "Order"). A true and correct copy of said order is attached as Exhibit "A" to the Declaration of Mariam S. Marshall.

The Debtors failed to comply the Order. The Debtors failed to produce any documents or appear at the FRBP 2004 examination. (See Marshall Declaration). To date, the Debtors have not complied with the Order, i.e., they have not produced the documents set forth in the Order or appeared for an FRBP 2004 examination.

At all relevant times herein mentioned, the Debtors have had the ability to comply with Order by producing the requested documents and requesting a continued date for their FRBP 2004 examination. The Debtors have failed to do so. In fact, the Debtors and their counsel have never contacted the Trustee's counsel to: (1) request an alternate date for the FRBP 2004 examination; or (2) a request an extension of time to produce documents. (See Marshall Declaration). The Debtors and their counsel have ignored the Court's Order.

Based on the Debtors' and their counsel's conduct, it appears that the Debtors do not recognize this Court's authority and will continue to ignore any further orders by this Court.

By reason of the Debtors' bad faith failure and refusal to comply with this Court's Order the Trustee requests that this Court issue an order finding that the Debtors are in contempt of Court and instructing the Debtors to:

Produce the documents set forth in the Order by August 30, 2013, and appear for examination on September 5, 2013.

Alternatively, in the event that the Debtors fail to produce documents and appear for examination as ordered by the Court, the Court issue an arrest warrant authorizing the US Marshall to take Debtors Ronald Santos and Carly Santos into custody until

such time as the comply with the Court's order.

## I. ARGUMENT

**1. Contempt Committed in a Case Pending Before the Bankruptcy Court May Be Determined by the Bankruptcy Judge**

It is well established that a bankruptcy court is authorized to exercise civil contempt power. In re Rainbow Magazine, 77 F.3d 278, 284 (9th Cir. 1996). The Bankruptcy Code specifically provides that:

> "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court order or rules, or to prevent an abuse of process." 11 U.S.C. Section 105(a).

In order to hold a party in contempt, the bankruptcy court has to find that the party violated a specific and definite order and had sufficient notice of its terms and the fact that he would be sanctioned if he did not comply. In re Dyer, 322 F.3d 1178, 1190-1191 (9th Cir. 2003). "The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." In re Dyer, 322 F.3d 1178, 1190-1191 (9th Cir. 2003).

Here, the Court issued the Order on September 9, 2012, ordering the Debtors to produce documents and appear for examination. The Debtors failed to produce documents or appear for their FRBP 2004 examination, as ordered by the Court in the Order. The Debtors therefore, violated a specific and definite order. The Motion and the proposed Order were served on the Debtors and the Debtors' counsel by the Trustee. [See Docket # 50]. Subsequently, the Debtors' counsel received notice of the entered Order via ECF. Thus, the Debtors had sufficient notice of the terms of the Order.

Based on the foregoing, the Trustee has shown by clear and convincing evidence that the Debtors have violated a specific and definite order of the Court.

## 2. The Bankruptcy Court has the Authority to Order the Arrest and Incarceration of the Debtors as a Sanction for Civil Contempt

The next issue before the court is whether the bankruptcy court has the authority to order the arrest and incarceration of the Debtors and or order a monetary fine as a sanction for civil contempt. A contempt sanction is considered civil if it is remedial. <u>Gompers v. Bucks Stove and Range Co.</u>, 221 U.S. 418, 442 (1911). A coercive civil contempt sanction involves confining a contemnor until he complied with an affirmative command such as an order to surrender property ordered to be turned over to a receiver.    <u>Gompers v. Bucks Stove and Range Co.</u>, 221 U.S. 418, 442 (1911).

Incarceration as civil contempt is an appropriate remedial sanction in the event that a party fails to comply with court orders and the party is unlikely to comply with monetary sanctions . Incarceration is an appropriate civil sanction in a bankruptcy case when a party has a history of failing to comply with the bankruptcy court's orders. <u>In re Maxair Aircraft Corp. of Georgia, Inc.</u>, 148 B.R. 353, 359 (M.D.Ga. 1992). In <u>Maxair Aircraft Corp.</u>, the chief operating officer of the debtor had a history of not cooperating with the bankruptcy court's orders. The court reasoned in <u>Maxair Aircraft Corp.,</u> that it was unlikely that the chief operating officer would comply with a monetary sanction. Thus, the court felt that incarceration was the only alternative for someone who required strong coercive tactics.    <u>In re Maxair Aircraft Corp. of Georgia, Inc.</u>, 148 B.R. 353, 359 (M.D.Ga. 1992). (M.D.Ga. 1992).

In the present case, the court has ordered the Debtors to produce documents and appear for examination. The Debtors have failed produce documents or appear for examination. Since the Debtors have failed to comply with the Court's Order, it is doubtful that the Debtors would comply with a monetary sanction order. Incarceration is the only alternative to compel the Debtors compliance with the Court's Order.

## 3. The Bankruptcy Court has the Authority to Order Monetary Sanctions Against a Debtor for Civil Contempt

Subject to FRBP 9020, the bankruptcy court has the jurisdiction to award

TRUSTEE'S MOTION FOR CIVIL CONTEMPT ORDER AGAINST THE DEBTORS - 4 -

monetary sanctions. In re Pace., 159 B.R. 890, 904 (9th Cir. BAP 1993). Attorneys fees is an appropriate component of a civil contempt award. In re Dyer, 322 F.3d 1178 (9th Cir. 2003). This is an appropriate case for the court to issue a monetary sanction to compensate the estate for the attorneys fees and costs incurred by the estate as a result of the Debtors repeated failure to comply with court orders.

The estate has incurred $1,500 in attorneys fees and $100 in costs in bringing the within motion for contempt and anticipates incurring another $375 in attorneys fees at the appearance on the motion hearing for the total sum of $1,600. (See Declaration of Mariam S. Marshall, submitted herewith). These fees represent 4 hours of time at the rate of $375 per hour. Additionally, $100 in costs are comprised of copy charges, postage, facsimile charges, and court conference appearance charges.

**CONCLUSION**

Based on the foregoing, the Trustee respectfully requests that the Court enter a civil contempt order against the Debtors as follows:

1. Produce the documents set forth in the Order by August 30, 2013, and appear for examination on September 5, 2013;

2. Alternatively, in the event that the Debtors fail to produce documents and appear for examination as ordered by the Court, that the Court issue an arrest warrant authorizing the US Marshall to take Debtors Ronald Santos and Carly Santos into custody until such time as the Debtors produce documents and appear for examination;

///
///
///
///
///
///
///

TRUSTEE'S MOTION FOR CIVIL CONTEMPT ORDER AGAINST THE DEBTORS - 5 -

Case: 12-50911    Doc# 54    Filed: 07/22/13    Entered: 07/22/13 06:48:08    Page 5 of 6

3. That the Debtors be ordered to pay the estate monetary sanctions in the sum of $1,600 to compensate the estate for the attorneys fees and costs incurred by the estate as a result of the Debtors failure to comply with Court's Order; and

4. For such further and other relief as the Court deems just and proper.

Dated: July 22, 2013	MARSHALL & RAMOS, LLP


/s/ Mariam S. Marshall
Mariam S. Marshall
Attorneys for Trustee
FRED HJELMESET